HEIRS OF THOMPSON vs. BELL.

4L 447
48 701

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

Where a slave or other mortgaged property passes out of the hands of the mortgagor, and is sold at the probate sale of the third possessor's succession no lien or mortgage attaches on the proceeds of such sale, because the mortgagee is not a creditor.

The mortgage gives to the mortgagee a real right upon the thing mortgaged, which he may exercise upon the property or thing mortgaged, into whose hands soever it may come.

This suit is brought to recover the balance of the price of a slave, sold at the sale of the estate of John Davis, deceased, of which G. H. Bell is the administrator.

In December, 1819, the succession of Wm. Thompson, deceased, was sold by order of the judge of probates, and

WESTERN DIS.
*Sept. 1832.*

HEIRS OF
THOMPSON
*vs.*
BELL.

among the items, there was a negro man named Randall, sold to Wm. Haslett for one thousand five hundred and ten dollars, who gave Wm. Moore and M. Collins as his sureties, the slave remaining mortgaged until payment of the purchase money. In 1822, the plaintiffs, as the heirs and legal representatives of Wm. Thompson, deceased, obtained a judgement in the District Court for the parish of St. Landry against Haslett and his sureties, for one thousand and six dollars and sixty-six cents, the balance due on the price of the slave Randal. This judgement was duly recorded in December, 1823, and operated as a general mortgage on the estates of the parties to the judgement, and the vendor's privilege still attaching to the slave Randall. Execution issued on the above judgement, was levied on Randall and sold to Wm. Haslett the 23d of September, 1823, for one thousand two hundred and sixty-two dollars, and a twelve months' bond taken, with George King as surety, the slave remaining mortgaged for the amount of the bond with interest. In June, 1825, Wm. Haslett sold and conveyed this slave to John Davis, with all the previous mortgages and privileges on him, for one thousand two hundred dollars. Davis died in 1826, leaving the slave Randall a part of his succession. Guy H. Bell was appointed administrator of the estate, which was accepted with benefit of inventory by the heirs. Randall was sold by the administrator at the sale of the succession to Joseph Irwin, for one thousand two hundred dollars, which has been paid to the administrator.

The plaintiffs now claim a balance on the original price of said slave of seven hundred and fifty four dollars, with ten per centum interest from the 19th day of July, 1829, until paid, and all costs, &c. This balance the plaintiffs claim as a privileged demand of the administrator of John Davis's estate. They pray judgement against G. H. Bell for this balance and for costs.

The defendant alleges that Davis purchased Randall of Wm. Haslett, for the price of one thousand two hundred dollars (cash paid), in good faith and in ignorance of all the

Western Dis.
Sept. 1832.

HEIRS OF
THOMPSON
vs.
BELL.

incumbrances alleged in plaintiff's petition; that said slave has since been sold, and is out of his (defendant's) possession, and there is no agreement binding Davis's succession to pay the price. He avers that the plaintiffs have no right to claim the sum due on the price of said slave from the succession of Davis, until they have proceeded by law to collect the same of the sureties of Wm. Haslett on his orginal and other pur-chases, &c. That in truth a judgement has been already obtained against the said Haslett and his sureties; which they are bound to pursue until they have exhausted this remedy before calling on Davis's succession. He avers the plaintiffs have not exhausted and pursued their legal reme-dies against the said sureties, or made any efforts to collect the same from the sureties; and not having done so, they cannot maintain this suit.

In an amended answer the defendant avers that no special mortgage or privilege was reserved in the judgement against Haslett and his sureties, and the twelve months bond was never recorded; and if any mortgage is retained, the same not being recorded, is null and of no effect against the suc-cession of Davis, who purchased in ignorance thereof, &c.; that as Haslett, the principal debtor, has surrendered his pro-perty to his creditors, the plaintiffs should satisfy their demand out of the property surrendered, being more than sufficient, they having a prior or equal privilege or mortgage with said demand. He pleads discussion of Haslett's property surren-dered, &c. There is a bill of exceptions taken by plaintiffs to the decision of the court admitting the defendant to file an amended answer the next day after the evidence was gone through, and arguments of counsel heard in the cause.

The case was transferred to the District Court for trial and decision, the probate judge being interested. Judgement was given for the plaintiffs to be paid out of the proceeds of the sale of the slave Randall, &c. The defendant appealed.

It was admitted the twelve months bond given by Haslett, with judge King security, was never recorded. That Moore and King are worth property abundantly sufficient to satisfy

57

WESTERN DIS. said demand, and that the amount of the sales of Haslett's
Sept. 1832. estate surrendered to his creditors, is between four and five
HEIRS OF thousand dollars.
THOMPSON
*vs.*
BELL.

*Garland,* for plaintiffs:

1. An amended answer cannot be filed after the cause has been tried and submitted to the judge for his decision. 11 *Mar.* 640. *C. of Pr.* 420.

2. After answering to the merits, no dilatory exceptions can be put in or raised by way of amendment. *C. Pr.* 420.

3. Discussion is a dilatory exception and must be plead *in limine lites,* as must all others which do not relate to the absolute incompetency of the judge. *C. Pr.* 332–3.

4. The plaintiffs have a mortgage by virtue of the terms of sale of their ancestor's estate, on the negro slave Randall, which was duly recorded, and has effect against possessors of the mortgaged property.

5. Davis, the third possessor here, being dead, and the negro having been sold at the probate sale of his succession, in pursuance of an order of the creditors, the proceeds of such sale in the hands of the administrator, is liable to the plaintiffs. 2 *Mar. N. S.* 336, 225.

6. Administrators are bound to sell the property of the succession without distinction; that which is mortgaged as well as that which is not. *La. Code,* 1051, &c.

7. When an insolvent estate is managed by an administrator, he is to proceed in the same manner in regard to the sales and administration of the property, as the syndics of a ceding debtor. *Session acts of* 1826, *p.* 40, § 7—9. 2 *Moreau Dig.* 438, § 7—9.

8. Mortgaged property must be first seized and sold, and in default of proceeding against the thing mortgaged, when sold by authority of justice, the price in the hands of the administrator, must be proceeded against. *Session acts of* 1817, *p.* 38, § 18. *D'Ende* vs. *Moore,* 2 *Mar. N. S.* 336.

*Bowen,* for defendant.

PORTER, J., delivered the opinion of the court.

WESTERN DIS.
Sept. 1832.

HEIRS OF
THOMPSON
vs.
BELL.

This action commenced in the Court of Probates of the parish of St. Landry, and was transferred to the District Court, in consequence of the probate judge having an interest in the cause. The defendant represents the estate of an intestate, who was possessor of a slave, on which the plaintiffs had a mortgage. At the sale of the property of the succession, the slave was disposed of, and the proceeds have come into the hands of the administrator. The plaintiffs claim a privilege on these proceeds, which they say represent, and stand in place of the property on which they had a mortgage.

This position would be correct, if the plaintiffs were creditors of the succession; but they are not. The mortgage they seek to enforce, is one arising out of a sale made to Haslett, who sold to the intestate; so that the latter stood, and his representative stands, in relation to the plaintiffs, as third possessor of mortgaged property. Viewed as such, we see no ground on which this action can be maintained; the law, for the purpose of the easier settlement and more correct distribution of the funds of estates, represented otherwise than by heirs, who accept purely and simply, has provided that the creditors shall present their claims *in concurso*, and that the proceeds of the property sold, shall, for the adjustment of their respective pretensions, and the payment of them, be considered as representing the thing disposed of; but the mortgagee, who has a lien on property which has passed into the hands of another, other than the mortgagor, is not the creditor of the third possessor; he has a real right which he may exercise on the thing, and nothing more; a right which is confined to the object affected, which ceases with its destruction; which producing only responsibility on the possessor, ceases to produce any when the possession terminates. All the provisions of our law, in relation to the hypothecary action, sustain this view of the case; they give the right to the creditor to seize and sell the thing mortgaged; they confer none on him, in case the property has been sold by the third

Where a slave or other mortgaged property passes out of the hands of the mortgagor, and is sold at the probate sale of the third possessor's succession, no lien or mortgage attaches to the proceeds of such sale, because the mortgagee is not a creditor.

The mortgage gives to the mortgagee a real right up-

WESTERN DIS. possessor, and the possession transferred to another. If this
*Sept. 1832.* action should be maintained, it is not seen on what grounds
HEIRS OF any person, through whose hands the object subject to the
CARLIN
*vs.* lien had passed, could be made responsible for the price
LEWIS.
on the thing received by him for it; but this could not be seriously con-
mortgaged, tended for. Then, again, if the right existed, the party who
which he may
exercise upon had once owned the property, and sold it without warranty,
the property
or thing mort- would be made responsible, though the purchaser could have
gaged, into no recourse against him, if evicted by the hypothecary action.
whose hands
soever it may *Code of P.* 61, 70. 6 *Mar. N. S.* 384.
come.

It is, therefore, ordered, adjudged, and decreed, that there
be judgement against the plaintiffs, as in case of non suit,
and costs in both courts.